NOVEMBER TERM, 1923. 311

Williams, Gdn., v. American Coal Mining Co.—81 Ind. App. 311.

WILLIAMS, GUARDIAN, *v.* AMERICAN COAL MINING COMPANY.

[No. 11,832. Filed April 1, 1924.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Dependency.—Brother and Sisters.—Children Abandoned by Father.*— Minor sisters of a deceased employee were entitled to compensation as partial dependents, where, after their mother's death, they all continued to live as one family in the house occupied by her, and the brother was their sole support for more than a year, after which time, the family was broken up and the children placed in the homes of relatives, who partially supported them, but the brother sent a substantial sum twice a month that was applied to their maintenance, the father having practically abandoned the children after the mother's death, but the fact that the law cast an obligation upon the father to support his children would not prevent them from being dependent on their deceased brother.

From Industrial Board of Indiana.

Proceeding before the Industrial Board under the Workmen's Compensation Act by B. H. Williams, as

guardian of Iona Williams and others, for the death of their brother Frank L. Williams, against the American Coal Mining Company, employer. The Industrial Board denied compensation, and claimant appeals. *Reversed, with directions to enter an award.*

*John A. Riddle,* for appellant.

*Hays & Hays, Alonzo C. Owens, W. Paul Stratton, John S. Taylor, William H. Bridwell* and *George W. Buff,* for appellee.

PER CURIAM.—On August 11, 1921, Frank L. Williams, while in the employ of appellee received an injury from an accident arising out of and in the course of his employment. The parties thereafter entered into a compensation agreement whereby appellee agreed to pay compensation at the rate of $13.20 per week from August 18, 1921, and continuing during temporary total disability. This agreement was approved by the Industrial Board September 21, 1921, and compensation thereunder was paid up to and including November 9, 1921. December 3, 1921, Mr. Williams died as the result of his injury. Appellee paid for the medical services and paid $100 toward the burial expenses.

Appellant, as guardian for Ione Williams, Juanita Williams, sisters, and Garland Dale Williams, brother of the injured and deceased employee, filed an application on behalf of his wards alleging that they were wholly dependent upon Frank L. Williams for support. This is an appeal by the guardian from an order entered by the majority of the board denying compensation.

The contention of appellant is that the undisputed evidence shows that his wards were dependent upon said deceased employee for support and, for that reason, the award is contrary to law.

There is but one question presented for our consid-

NOVEMBER TERM, 1923.          313

Williams, Gdn., v. American Coal Mining Co.—81 Ind. App. 311.

eration, viz.:   Does the evidence without conflict show that appellant's wards were dependents of the deceased employee so as to be entitled to an award of compensation?

The material facts as shown by the undisputed evidence in substance are as follows:   Frank L. Williams was an unmarried brother of appellant's wards.   He worked in one of appellee's coal mines, at and prior to the time he received the injury which resulted in his death.   He and appellant's wards, hereafter designated as appellants, and their parents, on and prior to February 15, 1920, lived at Bicknell in a house owned by B. H. Williams, the grandfather and guardian of appellants.   The mother of appellants died February 15, 1920, and from that time up to March, 1921, appellants and their brother Frank continued to live together in the house where they were living when the mother died.   Frank during that time worked in the coal mines and was the sole support of appellants up to March, 1921.   When Frank Williams died, appellant Ione was fourteen years old, Juanita eleven, and Garland six.   The father of appellants is alive, but, after the death of his wife, practically abandoned his children.   No one was paying the grandfather any rent for the place where the children were living, so in March, 1921, he decided to sell the place and arrangements were then made for Ione to go to Illinois and live with an aunt and for Juanita and Garland to live with their grandfather, who also lived in Illinois.   Since Ione went to live with her aunt, she had no other home and lived as a member of the family.   She went to school, the aunt furnishing her the necessary books.   After the children went to Illinois to live with the aunt and grandfather, Frank sent from $18 to $20 to Ione each payday (twice a month) and she gave one-third of this to the aunt and two-thirds to the grandfather.   There

is no evidence that the father contributed anything to the support of appellant's wards after the death of his wife. Their only means of support other than that furnished by the aunt and grandfather came from Frank.

The undisputed evidence clearly shows that appellant's wards were at least partially dependent upon the deceased employee for support and, as such, were entitled to an award as partial dependents.

The fact that the law cast an obligation upon the father to support appellant's wards does not prevent them from being dependents of their deceased brother.

Award reversed, with directions to enter an award in accordance with this opinion.